UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:04CV-59-EHJ

JACQUELINE M. FORBES                                                                        PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                          DEFENDANT

**MEMORANDUM OPINION**

      This case is before the Court upon review of plaintiff Jacqueline Forbes' objections to Magistrate Judge Goebel's Findings of Fact, Conclusions of Law, and Recommendation that her application for Supplemental Security Income benefits be denied. After conducting a de novo review of Ms. Forbes' specific written objections, the Court adopts the magistrate's recommendation and the Commissioner's determination is affirmed.

      Ms. Forbes filed an application for Supplemental Security Income ("SSI") benefits on March 19, 2002 alleging that she became disabled on February 5, 2002 as a result of anxiety, depression, memory problems, asthma and arthritis.[1] After a hearing on August 19, 2003, Administrative Law Judge James E. Craig ("ALJ") found that Ms. Forbes suffers from morbid obesity, asthma, borderline intellectual functioning, anxiety, and depression, impairments that are severe but do not meet or medically equal listed impairments (Tr. 18). The ALJ found that Ms. Forbes is unable to perform her past relevant work, but does retain the residual functional capacity to perform a near full range of light to sedentary work activity (Tr. 23). Ms. Forbes appealed the adverse decision to the Appeals Council, which found no basis for review. Ms. Forbes' appeal to this Court followed.

---

[1] Ms. Forbes previously filed an application for SSI benefits on March 10, 1998, which was denied in an ALJ Decision dated March 17, 1999. The 1999 ALJ Decision became final and binding when upheld by the Appeals Council (Tr. 16).

This Court's review of the Commissioner's findings is limited to determining whether they are supported by substantial evidence, 42 U.S.C. §405(g); Elam ex rel. Golay v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003) and whether the correct legal standards were applied, Landsaw v. Secretary of HHS, 803 F.2d 211, 213 (6th Cir. 1986). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even if the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). It is within the parameters of the substantial evidence rule that this Court addresses and rejects each of Ms. Forbes' objections.

Ms. Forbes' objections to the magistrate report include: 1) the magistrate failed to consider plaintiff's contentions in combination when making determination that the ALJ's findings are supported by the record, including: a) the ALJ's failure to address the report of Dr. Shirley Spence was not harmless error as found by the magistrate; b) the ALJ made a factual error regarding plaintiff's educational background; c) failure to accord any weight to the opinion of a social worker;

2

and 2) the ALJ's Decision is based upon erroneous hypotheticals posed to the vocational expert.

The plaintiff's first contention is that the magistrate failed to consider her objections in combination, stating:

> The United States Magistrate Judge has found some of the Plaintiff's contentions to have merit. What the United States Magistrate Judge has failed to do, however, is to consider the Plaintiff's contentions in combination and then determine whether the Commissioner's findings are supported by the record (Plaintiff's Objections page 1).

The magistrate specifically considered each of Ms. Forbes' contentions, and gave legal support for each conclusion reached. However, the plaintiff's argument seems to suggest that multiple assignments of error by a plaintiff, no matter how meritorious, should somehow exponentially increase her chances of prevailing. This approach lacks authority in the law, as is evident from the lack of citation by plaintiff.

The plaintiff has outlined three specific areas that she suggests "must be considered in combination and not in isolation as done by the United States Magistrate Judge."[2] They are: a) the ALJ's failure to address the report of Dr. Shirley Spence; b) the ALJ's factual error regarding plaintiff's educational background; and c) the ALJ's failure to accord any weight to the opinion of Alice Munson, a social worker. The magistrate properly addressed each of these contentions, concluding that the ALJ's failure to address Dr. Shirley Spence's report and factual error regarding plaintiff's educational background were harmless errors, and that the ALJ properly assigned "little weight" to the opinion of social worker Munson, as she is not qualified to render medical opinions, 20 C.F.R. §416.902; §416.913(d); §416.927(a)(2).

---

[2]Plaintiff's Objections, page 2.

This Court is mindful that not every erroneous or inappropriate statement contained in an ALJ's decision warrants judicial disturbance of that decision, Maziarz v. Secretary of HHS, 837 F.2d 240, 244 (6th Cir. 1987). This Court is allowed to look at any evidence contained in the administrative record to determine whether the ALJ's ultimate findings are supported, regardless of whether that evidence was referenced within the ALJ's decision, Walker v. Secretary, 884 F.2d 241, 245 (6th Cir. 1989). Furthermore, it is harmless error for the ALJ decision to omit discussion of pertinent evidence if the Court can determine, in light of the record as a whole, that the ALJ's decision is based on substantial evidence, Heston v. Commissioner, 245 F.3d 528, 535-536 (6th Cir. 2001). In light of these holdings, the Court rejects the plaintiff's insistence that the ALJ's failure to address Dr. Spence's findings or in misstating her educational background are bases for remand.

Next, the plaintiff argues that the ALJ's Decision is based upon an erroneous hypothetical posed to the vocational expert. The plaintiff suggests that the hypothetical somehow failed to properly identify the plaintiff, her education and her limitations.[3] However, the plaintiff fails to identify any specific objection to the hypothetical posed to the vocational expert, except to say, "the record did not support the information provided to the vocational expert and, for that reason, the vocational expert's opinion cannot be the basis for a recommendation that the Administrative Law Judge's decision is supported by substantial evidence."[4]

At step five, the Commissioner bears the burden of demonstrating that there exists a significant number of jobs in the local, regional and national economies that the claimant can perform given her residual functional capacity, Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).

---

[3]Plaintiff's Objections, page 3.

[4]Plaintiff's Objections, page 3.

Vocational expert testimony can constitute substantial evidence to satisfy the burden, provided that it is based upon a hypothetical that accurately portrays the limitations imposed by the claimant's physical and mental impairments, Varley v. Secretary of HHS, 820 F.2d 777,779 (6th Cir. 1987).

This Court's review of the hypothetical posed to the vocational expert reveals no error, particularly in light of the fact that the vocational expert was present throughout the testimony of Ms. Forbes, and therefore heard direct testimony regarding her educational background. Furthermore, the hypothetical posed to the vocational expert asks him to assume borderline intellectual functioning (Tr. 346). Even though the vocational expert was not specifically asked to include the specific educational level completed in the hypothetical posed, the hypothetical assumed borderline intellectual functioning to properly characterize Ms. Forbes' mental capabilities. As the hypothetical accurately reflects Ms. Forbes' physical and mental impairments, the vocational expert's testimony constitutes substantial evidence to support the ALJ's finding that she is capable of performing a significant number of jobs that exist in the national economy.

In sum, substantial evidence supports the findings of the Commissioner. Though this Court may have analyzed the evidence differently to reach a contrary conclusion, it is bound to uphold the Commissioner in this case, Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990). The Findings of Fact, Conclusions of Law, and Recommendation of the magistrate are adopted, and the Commissioner's decision is upheld. An Order in conformity with this Memorandum Opinion has this day been entered.